ROBERT P. TOMS v. JAMES G. BOYES ET AL.

*Equity—Bill to establish lien.*

Where, after foreclosure, the title held by the mortgager turns out to have been invalid, and he takes advantage of a curative act and

obtains a patent from the State confirming his title, the mortgagee is entitled to resort to equity for the purpose of re-establishing his lien and satisfying his claims.

Appeal from Ottawa. (Mills, J.) April 11.—April 18.

BILL to establish lien. The bill alleges that one Augustus D. Griswold and wife gave a warranty deed of the premises in suit to the defendant James G. Boyes, who then entered into and still holds peaceable possession, and who, to secure a portion of the purchase price, gave Griswold three notes, secured by a mortgage which Griswold assigned to George Jerome, who, in turn, assigned it to complainant. When these notes had all become overdue, complainant foreclosed and bid in the premises himself, and there was a deficiency. The premises were part of a grant from the State to the Detroit & Milwaukee Railway Company, and the title conveyed by Griswold to Boyes was invalid; but for the purpose of validating titles to lands comprised in this railway grant the Legislature, by Act 275 of 1881, provided that the purchaser of any such lands, who had made valuable improvements on them and continued in possession, could have a patent from the State on producing his deed at any time before March 1, 1882, to the Commissioner of the State Land-office, and paying ten cents an acre to the State treasurer. Boyes complied with these terms and obtained his patent, and complainant claims that his mortgage to ' Griswold is still a valid lien on the lands; that the foreclosure and purchase vested him with an equitable title thereto, and that Boyes should be decreed to release all claims to the land under his patent and convey him the premises. He farther declares that, after having become the purchaser in good faith of the notes and mortgage, he found there was some dispute as to the title to the mortgaged land, and he obtained from William R. Bowes, then sole trustee of the Port Huron & Lake Michigan Railway Company, a conveyance thereof, which deed he presented, together with his foreclosure deed, to the Commissioner of the Land-office, and asked for a patent, but that the Com-

missioner rejected his application and delivered the patent to Boyes. Complainant has asked defendant Boyes to quit-claim to him, or to execute a new mortgage for the balance of the purchase money and interest, and has offered to release all claims for the use and occupation of the premises, and reimburse the amount paid by defendant to the State ; he has also offered to quitclaim all his interest in the premises to Boyes, and release the mortgage and decree, if Boyes would pay the deficiency ; but Boyes had refused, and had mortgaged the premises to the other defendants. Complainant therefore asks that Boyes may be decreed to have acquired the patent from the State in trust for him ; that the premises be decreed to be subject, primarily, to the mortgage executed by Boyes to Griswold, and that the mortgages by Boyes to his co-defendants be declared fraudulent as against complainant's lien ; that the co-defendants be decreed to release all claims under the fraudulent mortgages, and that the premises be sold for complainant's benefit, and he be paid the sum left unpaid by the former foreclosure ; that on such sale the purchasers be decreed to have acquired the title conveyed to Boyes under his patent; that complainant's title be decreed to be the first lien on the premises ; and that the debt represented by the mortgage, with interest and costs, may be paid out of the proceeds of the sale of the premises, or that Boyes be decreed to convey said premises to complainant free from all incumbrances. The bill was dismissed on general demurrer. Complainant appeals. Reversed.

*R. W. Boynton* and *Theo. Romeyn* for complainant, cited as to jurisdiction: *Salisbury v. Miller* 14 Mich. 160 ; to bar a suit in equity there must be a remedy at law as efficient for the ends of justice and for its prompt administration : *Boyce's Ex'rs v. Grundy* 3 Pet. 210 ; and complainant need not have exhausted all legal remedies : *Kennedy v. Creswell* 101 U. S. 641 ; *Case v. Beauregard* id. 688 ; see also *Ankrim v. Woodworth* Har. Ch. 355 ; *Wheeler v. Clinton Canal Bank* id. 449 ; *Rowland v. Doty* id. 3 ;

*Wales v. Newbould* 9 Mich. 45 ; *Edsell v. Briggs* 20 Mich. 429 ; *Miller v. Stepper* 32 Mich. 203.

*P. H. McBride* for appellee. A party in possession has a constitutional right to have his right to possession passed on by a jury : *Tabor v. Cook* 15 Mich. 322 ; *Ormsby v. Barr* 22 Mich. 85 ; see *Stetson v. Cook* 39 Mich. 755 ; *Phelps v. Harris* 51 Miss. 789.

GRAVES, C. J. This bill was demurred to for want of equity and dismissed. No discussion is desirable at this stage of the case. We have only a partial view now, and we cannot be certain as to what points the case may depend on when the merits are fully developed. Any special observations at this time might possibly mislead, or at least cause embarrassment. We are satisfied that the bill sets up equities in complainant, and that the jurisdiction cannot be denied.

The decree must be reversed, with costs, and the cause remanded with directions to overrule the demurrer and allow the defendants to answer in thirty days.

The other Justices concurred.